David L. Mazaroli
Attorney for Plaintiff
250 Park Avenue – 7th Fl
New York, NY 10177
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | : | ECF CASE |
| | : | |
| Plaintiff, | | 15 Civ. 7931 |
| | : | |
| - against - | | **COMPLAINT** |
| | : | |
| NIPPON EXPRESS U.S.A. (ILLINOIS), INC., | | |
| | : | |
| Defendant. | | |
| | : | |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendant:

## FIRST CAUSE OF ACTION

1.   This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the admiralty and maritime jurisdiction of this Honorable Court. This action also falls within the Court's federal question, diversity, pendent, ancillary, and supplemental jurisdiction.

2.   The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

3.      Plaintiff seeks recovery for  damage to a shipment of 1,079 cases of chilled beef (hereinafter "the Shipment")  caused by defendant's breaches of contract and torts.

4.      The Shipment was part of an overall consignment of 4,187 cases of chilled beef shipped  at the same time and carried by defendant under the same bill of lading between the same place of receipt and place of  delivery.   Only the Shipment sustained damage and loss.

5.      Plaintiff Indemnity Insurance Company of North America ("IINA" or "plaintiff") is a corporation organized under the laws of, and with its principal place of business in, the State of Pennsylvania.  IINA maintains a place of business within this district at 1133 Avenue of the Americas, New York, NY 10036.

6.      IINA insured the Shipment during the subject transportation and, having paid the insurance claim arising from the claimed cargo damage and loss, sues as subrogee and assignee  of Creekstone Farms Premium Beef LLC ("Creekstone"),  who was at all material times the shipper and  owner of the Shipment and a Merchant as defined in defendant's bill of lading.

7.      Defendant Nippon Express U.S.A. (Illinois), Inc. (hereinafter "Nippon Express" or "defendant")  is believed to be a corporation organized under the laws of, and with its principal place of business in, the State of Illinois.

8.      Nippon Express was at all material times engaged in the business of a common carrier of cargo for hire,  and the provision of services related thereto, including with respect to shipments moving to, from and through New York and with respect to

contracts with entities domiciled in New York and also conducted business through its agent Nippon Express U.S.A. Inc.'s place of business in New York City.[1]

8. For the Shipment Nippon Express issued bill of lading MSRT447556 dated November 1, 2014 which includes the following forum selection clause:

> Disputes arising under this Bill of Lading shall be decided in accordance with the law of the United States of America and no action shall be brought against the Carrier except in the United States District Court at New York, NY U.S.A.

9. The Nippon Express bill of lading terms and conditions further state as follows in relevant part:

> "Carrier" means Nippon Express U.S.A. (Illinois), Inc....
> \*\*\*\*
> The Carrier shall be responsible for the acts and omissions of its agents or servants...and also shall be responsible for the acts and omissions of any other persons whose services it makes use of in the performance of the contract evidenced by this bill of lading.

10. In consideration for enhanced feesand prepaid freight charges Nippon Express contracted to provide temperature-controlled multimodal carriage for 4,187 cases of chilled beef on a door-pickup basis from the place of receipt in Linden, New Jersey, to the place of intended delivery at Rotterdam.

11. The contract specified that defendant would provide temperature-controlled care and carriage in refrigerated ("reefer") containers at a set temperature range.

12. Defendant warranted that the reefer containers it provided were suitable, fit and in all respects cargoworthy for the intended temperature-controlled carriage and that seal integrity for each container would be maintained in accordance with

---

[1] Upon information and belief Nippon Express was at all material times a non-vessel operating common carrier and the principal on an Ocean Transportation Intermediary Bond on file with the Federal Maritime Commission.

representations in the bill of lading, dock receipt and other necessary and customary documents to facilitate carriage and delivery to the intended overseas purchaser and to assure compliance with export and import regulations applicable to chilled beef.

13. The 4,187 cases of chilled beef, including the Shipment, were in good order and condition when picked up in breakbulk uncontainerized form at the Linden, New Jersey, place of receipt by or on behalf of defendant.

14. For the Shipment defendant designated reefer container APRU574517-9.

15. The Shipment was in good order and condition when it was picked up by or on behalf of defendant at or near Linden, NJ.

16. Nippon Express loaded the Shipment into reefer container APRU574517-9 at the premises of an agent, servant, and/or other entity whose services it made use of in the performance of the contract evidenced by the subject bill of lading.

17. The balance of the 4,197 cases of beef were loaded by Nippon Express into three other reefer containers.

18. Nippon Express represented the alphanumeric identification number of each of the four reefer containers on the face of its bill of lading.

19. The bill of lading, dock receipt and other necessary and customary documents prepared by defendant, also represented the number of the seal reportedly affixed by or on behalf of Nippon Express to each container.

20. The Shipment, and the chilled beef in the three other reefer containers, were carried by Nippon Express from Linden, NJ, to Rotterdam, The Netherlands, by way of the Port of New York.

21. The multimodal transportation included substantial ocean carriage aboard the M/V APL QATAR, Voyage 029.

22. When the Shipment arrived at Rotterdam on or about November 13, 2014, it was denied entry by Netherlands customs and importation officials because the number of the seal which was present on container APRU574517-9 was not the same as the seal represented by Nippon Express in the bill of lading and in other necessary and customary documents.

23. The Nippon Express bill of lading represented that seal no. 0893799 was affixed to the container at origin.

24. The seal found affixed to the container at Rotterdam was seal no. 1085024.

25. According to Nippon Express the seal discrepancy and misrepresentation which caused the rejection and the resulting damage to the Shipment were caused by to the fault of its agent, servant, and/or other persons whose services it made use of in the performance of the contract evidenced by the subject bill of lading.

26. Because of the seal discrepancy and misrepresentation, the Shipment was damaged upon delivery by Nippon Express at Rotterdam and suffered diminution in market value because the 1,079 cases of chilled beef could not be sold to Creekstone's customer and was rendered unfit for intended sale and distribution for human consumption.

27. The aforementioned damage was caused by (a) the uncargoworthiness of the carrying reefer container due to the seal discrepancy and misrepresentation; (b) defendant's reckless failure to properly prepare the bill of lading, dock receipt and other

documents for the Shipment; (c) the failure to exercise proper care, custody and control of the Shipment, including the failure to correctly and properly seal and monitor the subject reefer container; (d) the false bill of lading issued by Nippon Express; and (e) defendant's fundamental breaches of, and unreasonable deviations from, the terms of the contract of carriage.

28.  As a result of the foregoing, plaintiff and those on whose behalf it sues, has sustained damages in the amount of $292,229.50, in addition to incidental expenses such as survey fees, no part of which has been paid although duly demanded.

29.  Plaintiff sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

30.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29 of this complaint.

31.  Defendant's statutory and contractual obligations, as well as its warranties under the general maritime law, included the nondelegable duty to provide a seaworthy and cargoworthy reefer container fit to carry the Shipment.

32.  The container provided by defendant was neither cargoworthy nor seaworthy and was not fit to carry the cargo in suit because it failed to contain a seal which corresponded to the representation in the bill of lading, dock receipt, and other necessary and customary documents prepared by defendant.

33.  This caused damage to the Shipment upon delivery by defendant at Rotterdam and as the chilled beef was unfit for intended sale and distribution for human consumption.

34. The claimed damage was caused in whole or in part by the aforesaid unseaworthy and uncargoworthy condition of the ocean shipping reefer container provided by defendant.

35. Accordingly defendant is liable to plaintiff as a result of its breach of the said nondelegable duties and breaches of warranties with respect to the ocean shipping container and seal used to transport the cargo.

36. As a result of the foregoing, plaintiff and those on whose behalf it sues, is entitled to recover damages in the amount of $292,229.50, in addition to incidental expenses such as survey fees.

WHEREFORE, plaintiff Indemnity Insurance Company of North America demands judgment against defendant Nippon Express U.S.A. (Illinois), Inc. in the amount of $292,229.50, plus incidental expenses, together with interest at the rate of 9% per annum and the costs of this action and prays that this Honorable Court provide such other and further relief as warranted by justice

Dated:   New York, New York
         October 7, 2015

                      Law Office,
                      David L. Mazaroli

                      *s/David L. Mazaroli*

                      David L. Mazaroli
                      Attorney for Plaintiff
                      250 Park Avenue – 7th Floor
                      New York, New York 10177
                      Tel.: (212)267-8480
                      Fax.: (212)732-7352
                      E-mail: dlm@mazarolilaw.com