DENNIS A. CAMMARANO
CAMMARANO LAW GROUP
555 East Ocean Boulevard, Suite 501
Long Beach, California  90802
Telephone:  (562) 495-9501
Facsimile: (562) 495-3674
e-mail: dcammarano@camlegal.com

Attorney for Defendant/Third party Plaintiff,
NIPPON EXPRESS U.S.A. (ILLINOIS), INC.,

-------------------------------------------------------
UNITED STATES DISTRICT COURT     )
SOUTHERN DISTRICT OF NEW YORK    )
-------------------------------------------------------

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY ) <br> OF NORTH AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> vs. ) <br> ) <br> NIPPON EXPRESS U.S.A. (ILLINOIS), ) <br> INC. ) <br> Defendant ) <br> ) <br>-------------------------------------------------- ) <br> NIPPON EXPRESS U.S.A. (ILLINOIS), ) <br> INC. ) <br> ) <br> Third-party Plaintiff ) <br> ) <br> vs. ) <br> ) <br> CONTAINER LOGISTICS GROUP INC., ) <br> a New Jersey Corporation; G5 ) <br> LOGISTICS INC., a New Jersey ) <br> Corporation; BMG LOGISTICS, a New ) <br> Jersey business of unknown form; JOSEPH ) | ECF CASE <br><br> 15 Civ. 7931 (AJN) <br><br> IN ADMIRALTY <br><br> **THIRD-PARTY COMPLAINT FOR INDEMNITY AND CONTRIBUTION** |

| | |
|---|---|
| E. GOODWIN, as an individual and doing business as G5 Logistics and as BMG Logistics; BRIANNA GOODWIN, an individual and doing business as BMG Logistics; TRICIA M. GOODWIN, doing business as G5 Logistics and BMG Logistics; and ROES 1 through 10, inclusive | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Third-Party Defendants | ) |

-------------------------------------------------------

Third-party plaintiff, NIPPON EXPRESS U.S.A. (ILLINOIS), INC. (hereafter "NEU"), for causes of action against third-party defendants, CONTAINER LOGISTICS GROUP, INC., a New Jersey Corporation; G5 LOGISTICS INC., a New Jersey Corporation; BMG LOGISTICS, a New Jersey business of unknown form; JOSEPH E. GOODWIN, an individual and doing business as G5 Logistics and as BMG Logistics; BRIANNA GOODWIN, an individual and doing business as BMG Logistics; TRICIA M. GOODWIN, an individual and doing business as G5 Logistics and as BMG Logistics; and ROES 1 through 10, inclusive (collectively "THIRD-PARTY DEFENDANTS"), alleges as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. As a claim involving an international shipment of cargo by sea, this court has original maritime and federal court jurisdiction under 28 U.S.C. §§ 1331 and 1333, and is an admiralty and maritime claim under Rule 9 (h) of the Federal

Rule of Civil Procedure.  Each of the THIRD-PARTY DEFENDANTS are subject to service of process by this court, rendering venue proper in this judicial district.

2.  In addition, this court has diversity jurisdiction under 28 U.S.C. § 1332  in that there is complete diversity of citizenship between NEU and THIRD-PARTY DEFENDANTS and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.  At all times material herein, NEU was an Illinois corporation with its principal place of business located at 950 North Edgewood Ave., Wood Dale, Illinois 60901

4.  At all times material herein, THIRD-PARTY DEFENDANTS, and each of them, are/were either New Jersey corporations each with its principal places of business located within the State of New Jersey, and, in the case of the individual THIRD-PARTY DEFENDANTS are/were individuals and residents of the State of New Jersey.  THIRD-PARTY DEFENDANTS, and each of them, do business in this judicial district and are venued and subject to service of process within 100 miles of the Southern District of New York.

5.  The true names and capacities whether individual, corporate, associate, or otherwise of THIRD-PARTY DEFENDANTS designated herein as ROES 1 though 10, inclusive, are unknown to NEU, who therefore sues said THIRD-PARTY DEFENDANTS by such fictitious names.  Leave of court with be

requested to insert their true names when the same have been ascertained.

6. A complaint was filed against, and served upon, NEU by INDEMNITY INSURANCE COMPANY OF NORTH AMERICA's ("IINA") in the United States District Court for the Southern District of New York, and served upon NEU. The allegations of said complaint are incorporated herein by reference as though fully set forth at length for the purpose of indicating the contents thereof with a copy attached as Exhibit 1.

7. THIRD-PARTY DEFENDANTS, and each of them, failed to accurately identify the correct seal number affixed to container APRU574517-9 for export on the M/V APL QATAR voyage 029 and as alleged in the IINA complaint.

8. THIRD-PARTY DEFENDANTS' malfeasance exposed NEU to liability to IINA, with such liability being the direct and proximate result of the failure of THIRD-PARTY DEFENDANTS to satisfy their contractual and legal obligations, leaving NEU liable for their breaches of duty and/or contract. In an effort to mitigate liability, NEU is seeking to compromise and settle the claims in IINA's complaint, entitling NEU to recover over against THIRD-PARTY DEFENDANTS for the amount of settlement or compromise by NEU.

///

///

## FIRST CAUSE OF ACTION

(Total Equitable Indemnity against THIRD-PARTY DEFENDANTS)

9. NEU re-alleges the allegations contained in paragraphs 1 through 8, inclusive, as though fully set forth.

10. NEU's liability exposure and any settlement is the sole result of the failure of THIRD-PARTY DEFENDANTS to satisfy their legal duties and obligations, leaving NEU liable for their contractual and legal breaches of duty and, accordingly, NEU is entitled to total indemnity from THIRD-PARTY DEFENDANTS.

## SECOND CAUSE OF ACTION

(Contribution against THIRD-PARTY DEFENDANTS)

11. NEU re-alleges the allegations contained in paragraphs 1 through 8, inclusive, as though fully set forth.

12. If it is determined that the incident alleged in the complaint was the proximate result of the action or failure to act on the part of NEU, then NEU should only be liable for that percentage of damage attributable to the conduct of NEU. The proportioned liability, if any, of NEU should be determined concurrently with the liability of all THIRD PARTY DEFENDANTS for purposes of establishing a right of partial indemnity and/or contribution in favor of NEU against THIRD-PARTY DEFENDANTS for their proportionate share of fault.

## THIRD CAUSE OF ACTION

(Express Indemnity against THIRD-PARTY DEFENDANTS)

13. NEU re-alleges the allegations contained in paragraphs 1 through 12, inclusive, as though fully set forth.

14. Based on information and belief THIRD-PARTY DEFENDANTS were parties to a contract or agreement to which NEU is a beneficiary. That contract and/or law provides that THIRD-PARTY DEFENDANTS have agreed to defend, indemnify and hold harmless NEU from all claims for injury to property, including incidents such as those alleged in IINA's complaint.

15. THIRD-PARTY DEFENDANTS have failed to honor their obligations, entitling NEU to indemnity, plus the costs of investigating and defending the claims in IINA's complaint.

## FOURTH CAUSE OF ACTION

(Declaratory Relief against THIRD-PARTY DEFENDANTS)

16. NEU re-alleges the allegations contained in paragraphs 1 through 8, inclusive, as though fully set forth.

17. A dispute has arisen and an actual controversy exists between NEU and THIRD-PARTY DEFENDANTS, and each of them, concerning their respective rights, duties, and obligations with regard to loss, injury, damage, or detriment, suffered by NEU herein. Said dispute results from the fact that NEU

herein contends it is entitled to be held harmless and for settlement of IINA's claims and reimbursed for all costs and attorneys fees, for defense against the complaint.

WHEREFORE NEU prays for judgment against THIRD-PARTY DEFENDANTS, and each of them as follows:

1. That NEU recover judgment against THIRD-PARTY DEFENDANTS, and each of them, in a sum not less than $200,000, plus costs and attorney's fees;

2. That NEU recover judgment against THIRD-PARTY DEFENDANTS, and each of them, under any theory of indemnity or contribution for a sum in proportion to their fault and specifically, in a sum not less than $200,000, plus costs and attorney's fees;

3. For a declaration that THIRD-PARTY DEFENDANTS, and each of them, are obligated to NEU for the amount of its settlement with IINA (not less than $200,000), plus costs of defense and attorney's fees;

///

///

4. For costs of suit herein; and,

5. For such other and further relief as the court deems just and proper.

Dated: November 12, 2015               CAMMARANO LAW GROUP


                                       By: s/Dennis A. Cammarano
                                           Dennis A. Cammarano
                                           Attorney for Defendant and
                                           Third-Party Plaintiff,
                                           NIPPON EXPRESS U.S.A.
                                           (ILLINOIS), INC.
                                           3329third partycomplaint o.wpd