DENNIS A. CAMMARANO / SBN NO. 037242
CAMMARANO LAW GROUP
555 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone: 562-495-9501
Facsimile: 562-495-3674
e-mail: dcammarano@camlegal.com

Attorney for Third-Party Plaintiff,
NIPPON EXPRESS U.S.A. (ILLINOIS), INC.

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NIPPON EXPRESS U.S.A. (ILLINOIS), INC.,

   Third- Party Plaintiff

 vs.

CONTAINER LOGISTICS GROUP INC., et al.,

   Third-Party Defendants

---

ECF CASE

15 Civ. 7931 (AJN)(DCF)
IN ADMIRALTY

**DECLARATION OF DENNIS A. CAMMARANO IN SUPPORT OF DEFAULT JUDGMENT AGAINST THIRD PARTY DEFENDANTS**

I, Dennis A. Cammarano, being duly sworn, declare:

1. Being an attorney duly authorized to practice law in the State of New York and before this Honorable court and in good standing, I am the principal of Cammarano Law Group, counsel of record for NIPPON EXPRESS U.S.A. (ILLINOIS), INC., ("NEU") in the above entitled action. I make the following declaration upon my personal knowledge and upon the documents and files

contained in my office. I would give competent testimony to the following facts if called upon to do so.

2. I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of NIPPON EXPRESS U.S.A (ILLINOIS) INC.'S request for entry of a default judgment against Third-Party Defendants, Container Logistics Group, Inc., Joseph E. Goodwin doing business as G5 Logistics and as BMG Logistics, Brianna Goodwin doing business as BMG Logistics, and Tricia M. Goodwin doing business as G5 Logistics and as BMG Logistics.

3. On December 30, 2015, my office filed the Amended Third-Party Complaint (misnomered as Amended Third-Party Cross-Complaint) on behalf of NEU, in this Court alleging causes of action for damage to cargo, breach of contract/warranty, total equitable indemnity, contribution and express indemnity against the aforementioned third-party defendants.

4. Via a registered process server, each third party defendant was personally served with a copy of the Amended Summons on Third- Party Complaint, Amended Third-Party Cross-Complaint, Indemnity Insurance Company of North America (IINA)'s original complaint and Rule 7 Statement.

5. Service of process was as effected as follows:

| Third-Party Defendant | Date of Service | Proof of Service Filed |
|---|---|---|
| **Container Logistics Group, Inc.** | 01/20/16 | 02/01/16 |
| **Joseph E. Goodwin** | 01/08/16 | 01/18/16 |
| **Brianna Goodwin** | 01/08/16 | 01/18/16 |
| **Tricia M. Goodwin** | 01/08/16 | 01/18/16 |

6. No third party defendant has appeared in this action nor otherwise responded within the time permitted by law. Nor has any request for an extension been requested or granted.

7. On February 29, 2016 the Clerk of the Court issued certificates of default against Container Logistics Group, Inc., Joseph E. Goodwin, Brianna Goodwin and Tricia M. Goodwin. A true and correct copy of the certificates are attached as Exhibit 1.

8. The Service Members Civil Relief Act does not apply to those in default, nor is any individual Third-Party Defendant a minor or mentally incompetent.

9. This request for default judgment is sought against all and each of the Third-Party Defendants and, when entered, will result in resolution of the entire case (save efforts and pleadings associated with enforcement of the judgment).

10. Prior to commencement of this lawsuit, on September 18, 2015 and

October 29, 2015, I issued written tenders of defense and demands that the now Third-Party Defendants resolve the underlying claim. Therein, I advised that their failure to do so contemplated NEU's settlement of the underlying claim and request for indemnity. A true and correct copy of the written tenders are attached as Exhibit 2.

11. IINA's subrogation complaint against NEU sought judgment in the principal amount of $292,229.50 based on rejection of a container load of export meat products due to Third-Party Defendants' placement of a different seal on the container than what they reported on the documentation used for NEU's bill of lading contract for the transportation. This exposed NEU to liability for the loss, with NEU seeking indemnity for the amount of the resulting settlement payment.

12. Through a process of arm's length negotiation, IINA's claim was compromised and settled by NEU for $200,000, with IINA's assignment of its rights to NEU. Thereby, IINA released all its claims against NEU and the Third-Party Defendants but without prejudice to NEU's indemnity rights. A true and correct copy of the settlement agreement and assignment is attached as Exhibit 3, and a copy of the cancelled settlement check is attached as Exhibit 4.

13. NEU seek indemnity for its $200,000 payment to IINA. For purposes of this default judgment, NEU is willing to waive its request for pre-judgment

interest on its payment and waive its request for attorney's fees associated with its defense of the lawsuit brought against it by IINA and also waive its costs.

14. Therefore, NEU's request is for judgment against the Third-Party Defendants Container Logistics Group, Inc., Joseph E. Goodwin, Brianna Goodwin, and Tricia M. Goodwin, jointly and severally, in the amount of $200,000 on each cause of action asserted in the Amended Third-Party Cross-Complaint.

15. An inquest is not necessary, as this is a simply indemnity claim for a subrogated property damage claim. Thus, damages are straightforward and indemnity sought for the identical amount as the arms' length compromise payment to the claimant. There is no request for prejudgment interest, fees or costs.

16. Pursuant to the provisions of Rule 55 (b)(2) of the Federal Rules of Civil Procedure, NEU is entitled to judgment by default against the Third-Party Defendants, jointly and severally.

\\\
\\\

WHEREFORE, NIPPON EXPRESS U.S.A. (ILLINOIS) INC. requests entry of the attached Proposed Default Judgment Third-Party Defendants Container Logistics Group, Inc., Joseph E. Goodwin Brianna Goodwin and Tricia M. Goodwin, jointly and severally, in the amount of $200,000, plus post-judgment interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 7, 2016, at Long Beach, California.

_____
Dennis A. Cammarano
*3329 Affidavit of DAC ISO of Default Judgment 040716-01.wpd*